OPINION
Plaintiff-appellant/cross-appellee the State of Ohio appeals the August 6, 2001 Judgment Entry and Order entered by the Massillon Municipal Court, which granted defendant-appellee/cross-appellant Stacy L. Decker's motion to suppress relative to the results of the HGN test administered to Decker. Decker appeals from the same entry, which denied her motion to suppress relative to the results of the one-leg stand field sobriety test.
 STATEMENT OF THE FACTS AND CASE
During the early morning hours of June 10, 2001, Trooper John Hromiak of the Ohio State Patrol was on routine patrol on Whipple Avenue in Jackson Township, when he noticed the vehicle in front of him in the right-hand lane was following within one car length of the vehicle in front of it, and was traveling at a speed in excess of the posted limit of 40mph. After observing the vehicle touch the center line on four occasions, the trooper initiated a stop of the vehicle.
Trooper Hromiak approached the vehicle from the passenger's side, advised the driver as to the reason for the stop, and requested her license and registration. The driver was identified as appellee. During the initial encounter with appellee, the trooper noticed the odor of alcohol emanating from the vehicle, and that appellee had glossy and bloodshot eyes. Trooper Hromiak placed appellee in his patrol car. The trooper subsequently administered two field sobriety tests to appellee, to wit: the horizontal gaze nystagmus test and the one-leg stand test. Thereafter, the trooper placed appellee under arrest and cited her with operating a vehicle while under the influence of alcohol and/or a drug of abuse, in violation of R.C. 4511.19(A)(1). Appellee was ordered to appear in court on June 10, 2001, at which time she entered a plea of not guilty.
On August 1, 2001, appellee filed a motion to suppress, moving the trial court to exclude evidence of the results of her field sobriety tests. The trial court conducted a hearing on the motion on August 6, 2001. Trooper Hromiak was the only witness to testify. At the conclusion of the hearing, the trial court ruled the results of the HGN test would be excluded based upon this Court's decision in State v.Rader[1], finding the National Highway Traffic Administration Manual requires an officer to conduct the test outside of the vehicle. However, the trial court overruled appellee's motion to suppress relative to the results of the one leg stand test. The trial court memorialized its decision via Journal Entry and Order filed August 6, 2001.
It is from this judgment entry the State appeals, raising as its sole assignment of error:
 I. THE TRIAL COURT ERRED IN FINDING THAT THE HORIZONTAL GAZE NYSTAGMUS TEST WAS NOT ADMINISTERED IN STRICT COMPLIANCE WITH STANDARDIZED PROCEDURES AND IN SUPPRESSING THE RESULTS OF THAT TEST.
Appellee cross-appeals from the same judgment entry, raising as error:
 I. THE TRIAL COURT ERRED IN NOT GRANTING DEFENDANT'S MOTION TO SUPPRESS THE RESULTS OF THE ONE-LEG STAND FIELD SOBRIETY TEST WHEN THE EVIDENCE PRESENTED REVEALED THAT SAID TEST WAS NOT ADMINISTERED AS REQUIRED BY THE NATIONAL HIGHWAY TRAFFIC SAFETY ADMINISTRATION MANUAL.
 II. THE TRIAL COURT ERRED IN FINDING THAT PROBABLE CAUSE EXISTED TO INITIALLY STOP DEFENDANT AND SUBSEQUENTLY ARREST DEFENDANT FOR DRIVING UNDER THE INFLUENCE.
 Appeal
Herein, the State maintains the trial court erred in finding the HGN test was not administered in strict compliance with standardize procedures, and in suppressing the results thereof. The trial court based its ruling upon the Ohio Supreme Court's decision in State v. Homan,[2]
and this Court's decision in State v. Rader. The Homan Court held:
 In order for the results of a field sobriety test to serve as evidence of probable cause to arrest, the police must have administered the test in strict compliance with standardized testing procedures.[3]
In Homan, an Ohio State Highway Patrolman stopped a vehicle driven by Marie Homan after twice observing the vehicle travel left of center.[4]
When the trooper approached the vehicle, he noticed a strong odor of alcohol on Homan's breath and found her eyes to be red and glassy.[5]
The trooper subsequently administered field sobriety tests, including the HGN test, the walk-and-turn test, and the one-leg stand test.[6] Based upon Homan's performance of these tests as well as her own admission she had consumed three beers, the trooper placed her under arrest.[7] At trial, during cross-examination, the trooper testified he deviated from established testing procedures when he administered the HGN and walk and turn tests to Homan.[8]
Prior to the commencement of trial, Homan filed a motion to suppress the results of the field sobriety tests, arguing the trooper did not administer the tests in strict compliance with standardized methods and procedures.[9] The trial court found the results of the field sobriety tests indicated sufficient impairment to support the trooper's finding of probable cause, despite the trooper's failure to strictly comply with established police procedures.[10] The matter proceeded to trial and Homan was found guilty of DUI.
On appeal, the Sixth District Court of Appeals found the trial court improperly admitted the results of the field sobriety tests as evidence of probable cause to arrest. The court of appeals held the test could not form the basis for probable cause to arrest because the trooper did not strictly comply with standardized testing procedures in the administration of the tests.[11] Nonetheless, the court of appeals found there remained sufficient evidence upon which the trooper could have relied in arresting Homan even with the suppression of the field sobriety tests.[12] Upon appeal to the Ohio Supreme Court, the Court found: "[w]hen field sobriety testing is conducted in a manner that departs from established methods and procedures, the result of such test cannot form the basis for probable cause to arrest."[13] Even with the exclusion of the test results due to the trooper's lack of strict compliance, the Supreme Court, like the court of appeals, concluded the totality of facts and circumstances surrounding Homan's arrest supported a finding of probable cause.[14]
In State v. Rader, this Court reviewed the trial court's suppression of an HGN test. Therein, the arresting officer admitted, on cross-examination, he performed the test while the suspect was seated in the vehicle, despite the fact he was trained to perform the test outside the vehicle.[15] This Court found based upon the trooper's own admission, the trial court correctly suppressed the evidence of the HGN test.[16]
The State argues, and this Court's agrees, the facts of the instant action are distinguishable from both Homan and Rader. Trooper Hromiak testified he performed the HGN test properly. Specifically, the trooper testified, on cross-examination, as follows:
 Q. So you take her back to the patrol car and your both in the front seat at the time the horizontal gaze test is given?
A. Yes.
 Q. Is it not part of your training that the horizontal gaze test should be given outside of the vehicle?
A. That is incorrect.
Q. That is incorrect?
A. Yes.
 Q. What does your training tell you about where to give the test from a physical standing sitting standpoint?
 A. It say if at all possible if your doing it outside the car and you shouldn't have them facing the strobe lights because that causes optic (inaudible) in the stagnant which if you do the horizontal gaze correctly you can do the horizontal gaze if their looking at your stimuli if their facing the overheard lights but there is nothing that says that you can not do it inside your patrol car.
 Q. But are you not trained that [sic] preferable to do it outside the vehicle?
A. No.
* * *
 Q. Is it your testimony today that when you gave Ms. Decker the test you gave it in accordance with your training and the National Highway Transportation Manual.
A. Yes.[17]
Trooper Hromiak clearly and unambiguously testified he conducted the HGN test in accordance with his training and the National Highway Transportation Manual. Appellee failed to offer evidence to the contrary. Because of this key distinction from Homan and Rader, we find the trial court improperly suppressed the evidence of the results of the HGN test.
The State's sole assignment of error is sustained.
 Cross-Appeal I, II
Although the State has the right, in certain instances, to appeal an interlocutory order, such right does not extend to a defendant. Accordingly, we find appellee/cross-appellant's cross-appeal to be premature. Appellee/cross-appellant cannot raise the issues in her cross-appeal until the underlying criminal charge is concluded.
Appellee/cross-appellant's first and second assignments of error are overruled.
The judgment of the Massillon Municipal Court is reversed and the matter remanded for further proceedings consistent with this opinion and the law.
By: HOFFMAN, P.J. GWIN, J. and EDWARDS, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Massillon Municipal Court is reversed and the matter remanded for further proceedings consistent with our opinion and the law. Costs assessed to appellee.
[1] State v. Rader (June 25, 2001), Fairfield App. No. 00CA72, unreported.
[2] State v. Homan (2000), 89 Ohio St.3d 421.
[3] State v. Homan, supra at para. 1 of syllabus.
[4] Id. at 421.
[5] Id.
[6] Id. at 421-422.
[7] Id. at 422.
[8] Id.
[9] Id. at 423.
[10] Id.
[11] Id.
[12] Id.
[13] Id.
[14] Id. at 427.
[15] Id. at *2.
[16] Id. at *3.
[17] Tr. of Suppression Hearing at 21-22, 24.